UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GERALD J. WINESKI, ET AL.                    CIVIL ACTION

VERSUS                                       NO: 06-7187

AEGIS SECURITY INSURANCE                     SECTION: "J" (4)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is defendant's **Motion For Partial Summary
Judgment** (Rec. Doc. 22).  The motion is unopposed.  Having
considered the motions and legal memoranda, the record, and the
law, the Court finds that defendant's Motion For Partial Summary
Judgment (Rec. Doc. 22) should be **GRANTED.**

**BACKGROUND**

Plaintiffs Gerald and Linda Wineski were homeowners insured
by defendant Aegis Security Insurance Company ("Aegis") under a
Dwelling Policy (the "Policy") when their property was destroyed
by the effects of Hurricane Katrina.  On August 29, 2006, the
Wineskis filed this action seeking the policy limits of their
insurance coverage; damages for stress, mental anguish, extended

1

loss of use of the insured property and the costs and attorney's fees incurred in maintaining this action; and penalties available under LA. REV. STAT. ANN. §§ 22:658 and 1220.

Defendant has filed a motion for partial summary judgement, seeking (1) a declaration that the policy issued by Aegis is a "named peril" policy, and as such, the plaintiffs bear the initial burden of establishing that their alleged loss resulted from one of the specified perils enumerated in the policy; (2) dismissal of plaintiffs' claims under Louisiana's Valued Policy Law, LA. REV. STAT. ANN. § 22:695; and (3) dismissal of plaintiffs' claims for nonpecuniary damages.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**DISCUSSION**

**A. Named Peril Policy**

The burden of proof applicable to an action on a dwelling insurance policy depends on the type of policy at issue, whether it be "named peril" or "open peril."   *See Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507, at *1-2 (E.D. La. 2007)(Berrigan, C.J.).  Defendant argues that the policy at issue is a named peril policy, providing coverage for only those losses caused by one of the specific perils named in the policy.  *Id.*  Upon reviewing the information now available and without meaningful opposition, this Court agrees that plaintiffs' Policy is a named peril policy.

Under a named peril policy, the insured must initially establish by a preponderance of the evidence that the loss resulted from a risk specifically covered in the policy.  *Opera Boats, Inc. v. La Reunion* Francaise, 893 F.2d 103, 105 (5th Cir. 1990); *Ferguson*, 2007 WL 1378507, at *2.  If the insured meets this threshold requirement, the insurer must then show the loss falls within a policy exclusion.  *Ferguson*, 2007 WL 1378507, at *2.  Thereafter, the burden shifts back to the insured to prove the loss falls under an exception to the exclusion.  *Id.*

Accordingly, as the Policy can be classified as a "named

3

peril" policy, plaintiffs bear the initial burden of establishing that their alleged loss resulted from one of the specified perils enumerated in the Policy.

### B. Louisiana's Valued Policy Law

Louisiana's Valued Policy Law ("VPL")provides that in the case of a total loss, an insurer is required to may the full value of the policy.  *See* LA. REV. STAT. ANN § 22:695(A).  However, the statute does not apply where the "total loss does not result from a covered peril."  *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 241 (5th Cir. 2007).  The United States Court of Appeals for the Fifth Circuit has held that "the VPL only requires an insurer to pay the agreed face value of the insured policy if the property is rendered a total loss from a *covered peril*."  *Id.* at 239 (emphasis added).

Like the insurance policy at issue in *Chauvin*, plaintiffs' Policy covered losses resulting from wind, but excluded losses resulting from water.  *Cf. id.* at 235.  As plaintiffs' property was damaged by a combination of water and wind, the total loss was not restricted to a covered peril and VPL is not applicable.

Accordingly, defendant's Motion for Summary Judgement on the VPL claim is GRANTED.

### C. Nonpecuniary Losses

4

Generally, for a breach of contract claim, damages are limited to loss the claimant sustained. *Meador v. Toyota of Jefferson, Inc.*, 332 So. 2d 433, 435-35 (La. 1976). Damages for nonpecuniary losses are available only when the purpose of the underlying contract is psychological gratification, or where a party intended to emotionally injure the other. *Buddy's Tastee # 1, Inc. v. Tastee Donuts, Inc.*, 483 So. 2d 1321, 1324 (La. App. 4 Cir. 1986); *see* LA. CIV. CODE art. 1998.

Louisiana courts have held that the object of an insurance contract is the payment of money, not satisfaction of a nonpecuniary interest. *See, e.g., Hymel v. HMO of La.,* Inc., 951 So. 2d 187, 203 (La. App. 1 Cir. 2006); *Dixon v. First Premium Ins. Group*, 934 So. 2d 134, 146 (La. App. 1 Cir. 2006). Plaintiffs allege extra-contractual damages for stress and mental anguish. Based on the precedent established by Louisiana courts, as nonpecuniary interests were not the object of plaintiffs' insurance contract, they cannot recover for stress and mental anguish.[1]

Accordingly, defendant's Motion for Summary Judgement on

---

[1]Today's holding does not prevent the Plaintiff from recovering damages and penalties for mental anguish and emotional distress that he may be entitled to under LA. REV. STAT. ANN. § 22:1220. *See Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728 (La. App. 2 Cir. 2006).

plaintiff's claim for nonpecuniary losses is GRANTED.

## CONCLUSION

Plaintiffs' nonpecuniary losses and claim under Louisiana's Valued Policy Law are unavailable as a matter of law. Furthermore, as the Policy can properly be classified as a "named peril" policy, plaintiffs bear the initial burden of proof on their breach of contract claim.  Accordingly,

**IT IS ORDERED** that defendant's **Motion For Partial Summary Judgment** (Rec. Doc. 22) is be **GRANTED**.

New Orleans, Louisiana this the 22nd day of February, 2008.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE